IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARLOS BELEZ,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-06-1481 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **CAMERON LINDSAY**, *Warden,* | : | |
| | : | |
| Respondent | : | |

## **MEMORANDUM AND ORDER**

Petitioner, Carlos Belez, an inmate at the Canaan United States Penitentiary ("USP-Canaan") in Waymart, Pennsylvania, commenced this action *pro se* by filing a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Subsequently, the appropriate filing fee was paid. Petitioner claims that the Federal Bureau of Prisons ("BOP") has miscalculated his sentence, and that he is entitled to immediate release from BOP custody.[1] By order dated August 23, 2006 (Doc. 5), this Court directed service of the petition on Respondent, USP-Canaan Warden, Cameron Lindsay. On September 12, 2006, Respondent filed an answer to the habeas petition, claiming that: (1) Petitioner had failed to exhaust his administrative remedies, and (2)

---

1. To the extent that Petitioner seeks monetary damages for unlawful confinement, such relief is not cognizable in the context of a habeas petition. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.")

the BOP had correctly calculated Petitioner's sentence.

Thereafter, on September 13, 2006, Respondent received notice that Petitioner's sentence had, in fact, been miscalculated. Although "[t]he Judgment and Commitment Order upon which the BOP computed [Petitioner's] sentence, incorrectly stated that [he] should be 'imprisoned for a total term of 8 months'" (Doc. 7 at 2), the sentencing judge had intended "that [Petitioner] serve a 'TOTAL TERM OF IMPRISONMENT OF 4 MONTHS.'" (*Id.* at 1) (emphasis in original). Accordingly, on September 14, 2006, Petitioner's sentence was re-computed, resulting his immediate release to Pennsylvania State officials for extradition proceedings on a Puerto Rican detainer. Consequently, Petitioner has received the relief he seeks in the present petition, namely his release from BOP custody, and his petition is moot.

**AND NOW, IT IS HEREBY ORDERED THAT**:

1. The petition for writ of habeas corpus (Doc. 1) is dismissed as moot.

2. The Clerk of Court shall close this file.

                                            s/Sylvia H. Rambo
                                            SYLVIA H. RAMBO
                                            United States District Judge

Dated: September 18, 2006.